In the Matter of **PALMAR MILLINERY CO., INC., Debtor-Appellant,**

v.

Morton **SPAR, Claimant-Appellee.**

**No. 13, Docket 72–1547.**

United States Court of Appeals, Second Circuit.

Argued Oct. 15, 1973.

Decided Nov. 19, 1973.

**504**

———◆———

Abel Jack Schwartz, New York City (Arutt, Nachamie, Benjamin & Rubin, New York City, on the brief), for debtor-appellant.

Joel K. Bohmart, New York City (Upham, Meeker & Weithorn, New York City, on the brief), for claimant-appellee.

Before FEINBERG and TIMBERS, Circuit Judges.*

PER CURIAM:

In October 1969, Morton Spar and Paul Schoenfeld each owned 50 percent of the stock of Palmar Millinery Co., Inc., and a related corporation and were also two of the principal shareholders of a company in the neckwear business. As part of a business deal under which Schoenfeld and Spar went their separate ways, Spar and Palmar entered into an agreement under which Palmar bought Spar's shares in Palmar for $75,500, $52,500 payable at the closing and the remainder payable in 23 monthly installments of $1,000 each. This left Schoenfeld as the sole stockholder of Palmar.[1] The initial lump sum and the first nine installments were paid according to the agreement. In July 1970, however, with the last 14 installments unpaid, Palmar filed a petition for a Chapter XI arrangement in the United States District Court for the Eastern District of New York. Shortly thereafter, Spar filed a claim for the remaining installments, all of which had become due under an acceleration clause in the original agreement, and Palmar raised various defenses and counterclaims. After a lengthy trial, the Referee in Bankruptcy awarded Spar a general claim of $8,122.21 against the estate of Palmar.[2] The district court, Walter Bruchhausen, J., confirmed the award.

Palmar raises a number of claims on this appeal. We have considered them all and they are without merit. Palmar argues that it had insufficient surplus to redeem its stock both when the agreement was made in October 1969 and also thereafter when the last 14 notes became due. As to the former claim, the entire series of transactions by which Schoenfeld and Spar separated their business interests and the accounting treatment of key assets indicate that the referee and the district judge were justified in finding that Palmar's surplus was sufficient when the payment of $52,500 was made. As to the alleged insufficiency of surplus when the notes were accelerated, the possible treatment of Spar's claim as a general unsecured claim under the plan of arrangement was known to the creditors, who did not object. Moreover, Schoenfeld, as sole stockholder of Palmar, would get an undeserved windfall should Spar's claim be disallowed, since the claims of all creditors have been discharged by the plan. Under these circumstances, we are not inclined to set aside the concurrent findings of referee and district judge. Palmar's remaining arguments do not require discussion.

Judgment affirmed.

---

* The parties agreed in open court to accept a panel of two judges.

1. Similarly, Schoenfeld's interest in the neckwear company was sold to Spar.

2. Spar's claim for the 14 installment notes was reduced by offsets allowed to Palmar.